In re Fred P. and Carol C.
BILLINGS, Debtor,

**CHARTER INTERNATIONAL OIL
COMPANY, Plaintiff,**

v.

Fred P. and Carol C.
BILLINGS, Defendant.

**Bankruptcy No. 82–00260–H3–6.
Adv. No. 82–1317–H3.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Dec. 17, 1985.

Karen Emmott, Hoppess, Cowgill & Em-
mott, Houston, Tex. for Fred and Carol
Billings.

Glendon Adams, Stafford, Tex. for Char-
ter Intern. Oil Co.

DECISION AFTER TRIAL OF
OBJECTION TO DISCHARGE
OF FRED P. BILLINGS

EDWARD J. RYAN, Bankruptcy Judge.

FINDINGS OF FACT

1. Fred P. Billings, defendant, executed
an unconditional letter of guarantee to
Charter International Oil Co., plaintiff,
agreeing to personally pay the liabilities of
a corporation known as Anchor-Inland, Inc.

2. Defendant was a principal stockhold-
er, officer, and chief executive officer of
Anchor-Inland, Inc.

3. The corporation, Anchor-Inland, filed
for the protection of Chapter 11 of the
United States Bankruptcy Code on April 7,
1981.

4. At the time the corporation filed its
Chapter 11 petition, Linda Sue Young was
serving as office manager, director, and
secretary of the corporation.

5. During the winter of 1979, Linda Sue
Young testified that she had decided to
purchase a unit of the Covered Bridge Con-
dominiums as a gift for her grandmother.

6. Linda Sue Young solicited the advice
of her corporate superior, the defendant.
The defendant then referred her to a real
estate agent, one Ike Morrison.

7. Defendant claims to have had no oth-
er involvement in this real estate transac-
tion until the date of closing.

8. Defendant accompanied Linda Sue
Young to the real estate closing at the
office of the title company on December 17,
1979. It was at the closing, the defendant
and Linda Sue Young testified, that they
then learned that title to the condominium
was to be taken in the name of the defend-
ant, Fred P. Billings. However, buyer and
sellers consummated the sale, even with an
incorrect grantee named, in order to allow

the grandmother of Linda Sue Young to occupy the premises by Christmas day.

9. Linda Sue Young made the downpayment at closing by means of a Christmas bonus given to her by Anchor-Inland. Subsequently, she made each and every monthly payment directly to the original sellers, Edward and Grace Wey.

10. Defendant gave the original sellers a deed of trust and promissory note in the amount of thirty-four thousand dollars at closing. The deed was duly recorded.

11. Defendant and Linda Sue Young agreed with the sellers that she would pay them directly.

12. On January 7, 1980, the defendant executed and delivered a second deed. This one transferred title to Linda Sue Young from the defendant. Linda Sue Young executed and delivered to the defendant a promissory note in the amount of thirty-four thousand dollars. The deed conveying title from Fred P. Billings to Linda Sue Young was not then recorded.

13. Linda Sue Young said that she prepared this deed herself without the aid of an attorney by simply copying the deed and notes in the papers from the original sellers to the defendant.

14. Linda Sue Young and the defendant testified that they did not discuss the necessity of recording the second deed at this time.

15. On March 10, 1981, the defendant signed an agreed judgment against him personally and in favor of a third-party creditor, Johnson-Ryan, Inc. Defendant claims that he never discussed this judgment or its execution with Linda Sue Young.

16. Linda Sue Young, while working in the office of Anchor-Inland, testified that she noticed that the condominium was listed with papers which enumerated the personal property of the defendant which was subject to execution. She says that she asked the defendant why her property was being subjected to execution. The defendant is said to have replied that he wasn't sure what the deal was.

17. On March 20, 1981, Linda Sue Young then personally had recorded in the deed records of Harris County, Texas, the deed from the defendant to her. This was the same deed put in her hands by the defendant on January 7, 1980.

18. The plaintiff, Charter International Oil Company, became a judgment creditor of the defendant on August 1, 1981.

19. The defendant gave a discovery deposition in the office of plaintiff's lawyer on January 1, 1982. Defendant at that time denied that nobody owed him any money. This despite his holding of the note given on January 7, 1980.

20. On February 1, 1982, the defendant filed for relief under Chapter 7 of the United States Bankruptcy Code.

21. The deed from defendant to Linda Sue Young was at all relevant times in the possession of and under the control of the defendant who directed the grantee named therein to record the same on March 20, 1981.

22. The transfer of title to Linda Sue Young took place on March 20, 1981 with actual intent to hinder, delay and defraud creditors, including the plaintiff.

23. The transfer occurred within one year before the date of the filing of the petition of the defendant.

## CONCLUSION OF LAW

The debtor, Fred P. Billings, should be and he is denied his discharge in bankruptcy pursuant to Section 727(a)(2) of the United States Bankruptcy Code. Let judgment enter accordingly.